UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br>      Plaintiff, | )<br>)<br>) | |
| vs. | )<br>) | 4:08-cv-139-RLY-WGH |
| REAL PROPERTY IN FLOYD COUNTY,<br>INDIANA, COMMONLY KNOWN AS<br>226 KAUFER DRIVE, NEW ALBANY,<br>INDIANA, WITH ANY<br>APPURTENANCES AND<br>IMPROVEMENTS THERETO, MORE<br>PARTICULARLY DESCRIBED IN<br>ATTACHMENT A,<br>      Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | |

**ENTRY ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

On September 5, 2008, the United States of America (the "government") filed a verified complaint for *in rem* civil forfeiture of real property, commonly known as 226 Kaufer Drive, New Albany, Indiana ("226 Kaufer Drive" or the "defendant property"), pursuant to 21 U.S.C. § 881(a)(7). On October 10, 2008, Thomas C. Hoffman ("T. Hoffman"), the owner of the defendant property, filed a verified claim of interest. That same day, Richard L. Hoffman ("R. Hoffman") also filed a claim of interest, stating that he is the holder of an unrecorded mortgage in the amount of $20,000.00, which is secured by an interest in the defendant property. Neither claimant, however, has filed an answer to the government's complaint or a Rule 12 motion, as required by Rule G(5)(b) of the

Federal Forfeiture Actions In Rem section of the Federal Rules of Civil Procedure. This matter is now before the court on the government's unopposed motion for summary judgment. The court, having reviewed the motion and applicable law, now finds that the motion for summary judgment should be and hereby is **GRANTED** for the reasons set forth below.

I.      Facts[1]

On January 3, 2008, the Floyd County Indiana Sheriff's Office and agents of the United States Drug Enforcement Administration executed a search warrant at T. Hoffman's residence, which is located at 226 Kaufer Drive. During the search, law enforcement officers discovered an indoor marijuana cultivation operation on the second floor of the residence and seized 392 marijuana plants. An additional 197 marijuana plants were seized from just outside the residence. T. Hoffman was charged in Floyd County with possession of more than thirty grams of marijuana based on his possession of the marijuana seized from 226 Kaufer Drive. He thereafter entered into a plea agreement with the State of Indiana, in which he pled guilty to the offense charged. A modified Judgment of Conviction was entered by the Floyd Superior Court on October 16, 2008. T. Hoffman was found guilty of Possession of Marijuana, a Class D Felony, and received an 18 month suspended sentence.

---

[1]These facts are derived from the government's statement of material facts not in dispute. *See* Local Rule 56.1(e).

## II. Summary Judgment Standard

Summary judgment is proper when the evidence of record shows that there is "no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A genuine issue of material fact exists only where there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. *Brummett v. Sinclair Broad. Group, Inc.*, 414 F.3d 686, 692 (7th Cir. 2005). "[A] party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials in his pleadings, but must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 246 (1986).

## III. Discussion

When real property is used to commit a violation of the Controlled Substance Act punishable by more than one year's imprisonment, the property is subject to forfeiture under 21 U.S.C. § 881(a)(7). In a forfeiture action, the government must prove by a preponderance of the evidence that "there was a substantial connection between the property and the offense." 18 U.S.C. § 983(c)(3). The connection between the property and the criminal activity must be more than "fortuitous," *United States v. One Parcel of Real Estate Commonly Known as 916 Douglas Ave.*, 903 F.2d 490, 494 (7th Cir. 1990), but "the hurdle posed by the 'substantial connection' requirement is not . . . a particularly high one." *United States v. Borromeo*, 995 F.2d 23, 26 (4th Cir. 1993).

In the instant case, it is undisputed that T. Hoffman was found guilty of Possession

3

of Marijuana, a Class D Felony, and received an 18 month suspended sentence.  It is also undisputed that law enforcement officials seized nearly 600 marijuana plants, along with indoor marijuana cultivation equipment. These facts conclusively establish that the defendant property was used to commit a violation of the Controlled Substance Act.  The government has met its burden of showing a substantial connection between the defendant property and the offense.  Consequently, the defendant property is subject to civil forfeiture under 21 U.S.C. § 881(a)(7).

### III.   Conclusion

For the above mentioned reasons, Plaintiff's Motion for Summary Judgment (Docket # 9) is **GRANTED**.  The defendant property located at 226 Kaufer Drive, New Albany, Indiana is **FORFEITED** to the United States of America to be disposed in accordance with federal law.

**SO ORDERED** this 10th day of February 2010.

_____
RICHARD L. YOUNG, CHIEF JUDGE
United States District Court
Southern District of Indiana

Electronic Copies to:

Winfield D. Ong
UNITED STATES ATTORNEY'S OFFICE
winfield.ong@usdoj.gov

Charles Richard Rush
RUSH LAW OFFICE
rushlaw@hotmail.com